**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                          (State)

Case number (*If known*): 24-_____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Kenbourne Invest S.A. |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number (EIN)** | N/A ___ – __ __ __ __ __ __ __ |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 16      Avenue de la Gare<br>Number   Street<br>L-1610 Luxembourg<br><br>City     State   ZIP Code<br><br>County | Number   Street<br><br>P.O. Box<br><br>City     State   ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number   Street<br><br><br>City     State   ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | https://www.wom.cl/ |

Debtor    Kenbourne Invest S.A.
          Name
                                                      Case number (if known) 24-

| | |
|---|---|
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| 7. **Describe debtor's business** | A. *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | 5   2   3   9 |

| | |
|---|---|
| 8. **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. *Check **all** that apply*: |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor    Kenbourne Invest S.A.
_____    Case number *(if known)* 24-_____
Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.    District _____  When _____  Case number _____
                                                                    MM / DD / YYYY

           District _____  When _____  Case number _____
                                                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.    Debtor   See attached Exhibit A             Relationship   Affiliate
                  _____                   _____

          District   Delaware                          When           Date hereof
                  _____                   _____
                                                                    MM  /  DD  / YYYY

          Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number          Street

                         _____

                         _____
                         City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

      Contact name _____

      Phone _____

---

**Statistical and administrative information**

| Debtor | Kenbourne Invest S.A. | Case number (if known) 24- |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/01/2024
             MM  / DD / YYYY

✖ /s/ Anna-Kreeta Rantamaa                    Anna-Kreeta Rantamaa

Signature of authorized representative of debtor    Printed name

Title  Authorized Signatory

| Debtor | Kenbourne Invest S.A. | Case number (if known) | 24- |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**

✖ /s/ John H. Knight

Signature of attorney for debtor

Date  04/01/2024

MM / DD / YYYY

John H. Knight

Printed name

Richards, Layton & Finger, P.A.

Firm name

920          North King Street

Number          Street

Wilmington                                          DE          19801

City                                          State          ZIP Code

(302) 651-7700                              knight@rlf.com

Contact phone                              Email address

3848                                          DE

Bar number                                  State

Kenbourne Invest S.A.

**Exhibit A**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended.  Contemporaneously with the filing of these petitions, the Debtors have moved for joint administration of their respective chapter 11 cases for procedural purposes only under the case number assigned to the chapter 11 case of WOM S.A.

1. Kenbourne Invest S.A.
2. NC Telecom II AS
3. WOM Mobile S.A.
4. WOM S.A.
5. Multikom S.A.
6. Conect S.A.

**Kenbourne Invest S.A.**
*société anonyme*
Registered office: 16, avenue de la Gare
L-1610 Luxembourg, Grand Duchy of Luxembourg
R.C.S. Luxembourg: B227157

(the "**Company**")

---

## RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY

---

**WHEREAS,** the undersigned, Novator (Luxembourg) S.à r.l., a private limited liability company (*société à responsabilité limitée*) incorporated under the laws of the Grand Duchy of Luxembourg, having its registered office at 16, avenue de la Gare, L-1610 Luxembourg, Grand Duchy of Luxembourg and registered with the Luxembourg Register of Commerce and Companies (*Registre de Commerce et des Sociétés, Luxembourg*) under number B144887, being the sole director (the "**Governing Body**") of the Company, hereby represented by its permanent representative, Mrs. Anna-Kreeta RANTAMAA, does hereby consent to, adopt, and approve by written consent the following resolutions in accordance with applicable law and articles 9.4(iv) and 10.1(ii) of the coordinated articles of association of the Company dated 3 March 2020 (the "**Articles**"), and direct that this written consent be filed with the minutes of the proceedings of the Governing Body;

## BACKGROUND

**WHEREAS**, the Governing Body has reviewed and considered (a) the presentations by the Company's management and financial and legal advisors regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses, (b) the information and advice previously provided to and reviewed by the Governing Body, and (c) the related matters reported on at meetings of the Governing Body;

**WHEREAS**, the Governing Body has had the opportunity to consult with the Company's and WOM S.A.'s management (including its Chief Executive Officer and Chief Financial Officer) and financial and legal advisors and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, based on its review of all available alternatives and advice provided by WOM S.A.'s management (including its Chief Executive Officer and Chief Financial Officer) and the Company's financial and legal advisors, the Governing Body deems it advisable and in the best interest of the Company and its creditors, employees and other stakeholders to take the actions specified in the following resolutions (together, the "**Transaction**") and enter into the agreements, documents, and instruments specified in the following resolutions (together, the "**Transaction Documents**").

## CONFLICTS OF INTEREST

The Governing Body confirms that they do not have any direct or indirect interest conflicting with that of the Company in connection with the Transaction and the entry into, execution, delivery and performance of each of the Transaction Documents.

## REVIEW OF THE TRANSACTION

Following due and careful consideration and review of the Transaction and the Transaction Documents, the Governing Body is of the opinion that:

(a)      the Company is to receive benefits and will derive economic benefits from the Transaction and the Transaction Documents;

(b)      the approval of the Transaction and the Transaction Documents are permitted under the corporate object of the Company;

(c)      the Transaction and the Transaction Documents are not disproportionate to the financial means of the Company and the benefits to be derived from the Transaction; and

(d)      the Transaction and the Transaction Documents are for the corporate benefit of the Company and in its corporate interest (*intérêt social*) given their overall goal of achieving profitability.

Therefore, the Governing Body, acting independently from any third party considerations, is of the opinion that the matters referred therein:

(a)      are in compliance with the Company's Articles and the applicable legal provisions;

(b)      would not result in any breach of any restriction imposed by law, the Articles or any agreement to which the Company is a party or by which the Company is bound; and

(c)      would materially benefit the Company and would be for the purpose of carrying on its business.

## RESOLUTIONS

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the business judgment of the Governing Body, it is desirable and in the best interests of the Company, its stockholders, its creditors, and other parties in interest to file, or cause to be filed, voluntary petitions for relief (the "**Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and to take any and all actions, that it deems necessary or appropriate.

**RESOLVED**, that, with full power of substitution, each of the directors of the Company, as well, each of Mrs. Anna-Kreeta RANTAMAA, Mr. Florian REICH-ROHRWIG and Mrs. Yiduo ZHANG and any future manager of any director of the Company, should such director be a legal entity (such as the Governing Body) (each, an "**Authorized Signatory**" and collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed, together with the Company's advisors, to execute and file on behalf of the Company all petitions, schedules, lists and other motions, applications, pleadings, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses and in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of White & Case LLP ("**W&C**") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of

delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of W&C in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger ("**RLF**") as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of RLF in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Riveron Consulting LLC ("**Riveron**") as restructuring and financial advisor to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of Riveron in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Rothschild & Co US Inc. ("**Rothschild**") as restructuring and financial advisor to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of Rothschild in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("**Kroll**") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Kroll in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals, including legal counsel, accountants, financial advisors, investment bankers, and other professionals, to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**General**

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and empowered, on behalf of and in the name of the Company to amend, supplement, or otherwise modify from

time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions.

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that the Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Governing Body.

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

## DIP Financing

**RESOLVED**, that in connection with the Chapter 11 Cases, each of the Authorized Signatories of the Company shall be, and each of them hereby is, authorized, directed, and empowered to negotiate, execute, deliver, and enter into a credit agreement governed by the laws of the State of New York of the United States of America, denominated "*Senior Secured Superpriority Debtor-In-Possession Term Loan Credit Agreement*" (hereinafter, such agreement, as the same may be amended or modified or restated from time to time, the "**Credit Agreement**"), and contemplated to be made by, among others, the Company, as borrower (the "**Borrower**"); and the other parties listed therein that have the capacity of guarantors (the "**Guarantors**"), and the financial institutions that have the capacity of lenders from time to time thereunder (the "**Lenders**"), pursuant to which the Lenders will make available to the Borrower a financing facility of up to approximately two hundred million United States dollars ("**Dollars**") or such other greater or lesser amount as may be agreed between the parties to the Credit Agreement, subject to the terms and conditions set forth in the Credit Agreement (the "**DIP Financing**"), including executing and delivering any promissory note evidencing any Lender's Loan (as defined under the Credit Agreement) substantially in the form scheduled as Exhibit C to the Credit Agreement.

**RESOLVED**, that in connection with the DIP Financing, each of the Authorized Signatories of the Company shall be, and each of them hereby is, authorized, directed, and empowered to negotiate, execute, deliver, and enter into a (1) a Luxembourg law governed share pledge agreement between NC TELECOM II AS as pledgor, TMF Group New York, LLC as collateral agent and the Company as company, in relation to the shares in the Company, (2) a Luxembourg law governed receivables pledge agreement between, among others, the Company as pledgor and TMF New York, LLC as collateral agent, in relation to certain receivables the Company owns and (3) a Luxembourg law governed account pledge agreement between the Company as pledgor and TMF New York, LLC as collateral agent, in relation to bank accounts the Company owns in Luxembourg.

**RESOLVED**, that in connection with the DIP Financing, the Authorized Signatories of the Company shall be, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to: (a) acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Company's existing lender(s) on terms substantially similar to those described or provided to the Governing Body; (b) pledge and grant liens on the Company's assets as may be contemplated by or required under the terms of the DIP Financing; (c) execute and deliver a fee letter between JPMorgan Chase Bank, N.A. and the Company; and (d) execute, deliver, verify, and/or file or cause to be filed and/or executed, delivered, or verified, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, all other agreements, affidavits, schedules, motions, pleadings, documents, formalities certificates, fee letters, process agent or other agency appointment letters, promissory notes, declarations, certificates, notifications or deeds that the Company must enter into, execute or deliver in connection with, or that are useful for the DIP Financing (including any ancillary documents thereto), each of the documents referred to in (a) through (d) above in such form as any such Authorized Signatory may negotiate and approve, and take all actions that any such Authorized Signatory determines advisable, necessary or appropriate in connection with the DIP Financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Governing Body to be conclusively evidenced by the execution thereof of taking of such action by an Authorized Signatory).

**THE PRESENT WRITTEN RESOLUTIONS ARE SENT TO THE GOVERNING BODY AS SOLE DIRECTOR OF THE COMPANY FOR SIGNATURE AND ARE TO BE RETURNED TO THE COMPANY'S REGISTERED OFFICE AFTERWARDS. THE DATE OF THE PRESENT RESOLUTIONS WILL BE THE DATE OF THE SIGNATURE OF THE GOVERNING BODY AS SOLE DIRECTOR ON THE PRESENT WRITTEN RESOLUTIONS.**

*[Signature page follows]*

\*\*\*\*



By:

**Novator (Luxembourg) S.à r.l.**
*Represented by its permanent representative*
*Mrs. Anna-Kreeta RANTAMAA*

Title: Sole director
Date 31 March 2024

*[Kenbourne Invest S.A. - Signature Page to Written Resolutions]*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WOM S.A., *et al.*[1] | ) Case No. 24-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE THIRTY LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions in this Court on the date hereof (the "**Petition Date**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of creditors holding the 30 largest unsecured claims against the Debtors (the "**Top 30 Unsecured Claims List**").

The Top 30 Unsecured Claims List is based on the Debtors' books and records as of the Petition Date and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' Chapter 11 Cases. All amounts included in the Top 30 Unsecured Claims List are presented in U.S. Dollars, with Chilean Peso-denominated debt converted at the applicable foreign exchange rates as of the Petition Date, and in some cases are the Debtors' best approximation based on available information. The Top 30 Unsecured Claims List does not include: (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code; (2) secured creditors, unless the unsecured claim resulting from inadequate collateral value is known and places the creditor among the holders of the 30 largest unsecured claims; (3) claims held by the Debtors' employees, to the extent applicable, or (4) claims entitled to priority under section 507 of the Bankruptcy Code.

The information contained in the Top 30 Unsecured Claims List shall not constitute an admission of liability by, nor shall it be binding upon, the Debtors, and nothing therein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. Moreover, the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), and each Debtor's federal tax identification number in their applicable jurisdiction of incorporation, are as follows: Kenbourne Invest S.A. (2018 2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the Debtors' service address in these Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

**Fill in this information to identify the case:**

Debtor name   WOM S.A., *et al.*,                    Delaware
                                                    (State)

Case number (If known): 24-

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis) 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK WEALTH MANAGEMENT GLOBAL CORPORATE TRUST BOSTON 1 FEDERAL STREET, 3RD FLOOR BOSTON, MA 02110 USA | U.S. BANK WEALTH MANAGEMENT ATTN: FRANCINE M. THOMPSON PHONE: 1-617-603-6598 EMAIL: FRANCINE.THOMPSON@USBANK.COM | 2024 UNSECURED BONDS | | | | $356,237,762.28 |
| 2 | U.S. BANK WEALTH MANAGEMENT GLOBAL CORPORATE TRUST BOSTON 1 FEDERAL STREET, 3RD FLOOR BOSTON, MA 02110 USA | U.S. BANK WEALTH MANAGEMENT ATTN: FRANCINE M. THOMPSON PHONE: 1-617-603-6598 EMAIL: FRANCINE.THOMPSON@USBANK.COM | 2028 UNSECURED BONDS | | | | $292,574,555.55 |
| 3 | BCI FACTORING S A MIGUEL CRUCHAGA 920 SANTIAGO, SANTIAGO, CHILE | BCI FACTORING S A EMAIL: CARLA.ALDAY@BCI.CL | BANK/TRADE | | | | $44,609,369.68 |
| 4 | CHINA CONSTRUCTION BANK CORPORATION (SHENZHEN BRANCH) | CHINA CONSTRUCTION BANK CORPORATION (SHENZHEN BRANCH) | BANK/TRADE | | | | $29,127,451.02 |
| 5 | PHOENIX TOWER INTERNATIONAL CHILE SPA APOQUINDO 3500 PISO 16 SANTIAGO, LAS CONDES, CHILE | PHOENIX TOWER INTERNATIONAL CHILE SPA EMAIL: APINVOICESCH@PHOENIXINTNL.COM | TRADE | | | | $25,920,139.43 |
| 6 | XIAOMI CHILE SPA ROSARIO NORTE 555 SANTIAGO, LAS CONDES, CHILE | XIAOMI CHILE SPA PHONE: 56-9-71711261 EMAIL: ROSASFELIPE@GMAIL.COM | TRADE | | | | $16,453,604.73 |
| 7 | MOTOROLA MOBILITY LLC 600 NORTH US 45 LIBERTYVILLE, ILLINOIS 60048, USA | MOTOROLA MOBILITY LLC EMAIL: BDCM73@MOTOROLA.COM | TRADE | | | | $14,651,915.00 |
| 8 | MIRGOR CHILE SPA VITACURA 2969 SANTIAGO, LAS CONDES, CHILE | MIRGOR CHILE SPA PHONE: 56-9-84794053 EMAIL: JORGE.TRAPAGLIA@MIRGOR.COM | TRADE | | | | $11,163,267.15 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | INDUSTRIAL AND COMMERCIAL BANK OF CHINA (SHENZHEN) | INDUSTRIAL AND COMMERCIAL BANK OF CHINA (SHENZHEN) | BANK/TRADE | | | | $10,948,568.15 |
| 10 | BANK OF CHINA (HONG KONG) LIMITED | BANK OF CHINA (HONG KONG) LIMITED | BANK/TRADE | | | | $10,911,647.79 |
| 11 | BANCO BCI EL GOLF NO. 125 LAS CONDES, SANTIAGO | BANCO BCI ATTN: FELIPE BREVIS PHONE: 56-9-9450-2382 | LENDER | | | | $10,850,001.00 |
| 12 | HUAWEI (CHILE) S.A. ROSARIO NORTE 532, OF. 1701-1704, LAS CONDES, SANTIAGO, CHILE | HUAWEI (CHILE) S.A. EMAIL: LAIZHIHAO@HUAWEI.COM | TRADE | | | | $8,958,393.81 |
| 13 | SAMSUNG ELECTRONICS CHILE LIMITADA CERRO EL PLOMO 6000 PISO 6 SANTIAGO, LAS CONDES, CHILE | SAMSUNG ELECTRONICS CHILE LIMITADA PHONE: 56-9-78784653 EMAIL: B.RIGOTTI@SAMSUNG.COM | TRADE | | | | $7,570,580.92 |
| 14 | HONOR INFORMATION TECHNOLOGY CO., LIMITED SUITE 1701, 17/F, K11 ATELIER, 18 SALISBURY ROAD, TSIM SHA TSUI, HONG KONG | HONOR INFORMATION TECHNOLOGY CO., LIMITED PHONE: 56-9-94894640 EMAIL: SOLEDAD.CANOBRA@HIHONOR.COM | TRADE | | | | $5,807,378.94 |
| 15 | BANCO SANTANDER CHILE BANDERA 140 SANTIAGO, SANTIAGO, CHILE | BANCO SANTANDER CHILE EMAIL: ERNESTO.HERNANDEZ@SANTANDER.CL | BANK/TRADE | | | | $5,702,018.06 |
| 16 | GOOGLE PAYMENT CORP AMPHITHEATRE PKW 1600 MOUNTAIN VIEW, CA 94043 UNITED STATES | GOOGLE PAYMENT CORP EMAIL: PAYMENTS-NOREPLY@GOOGLE.COM | TRADE | | | | $5,006,710.91 |
| 17 | CORP ZTE DE CHILE S A LOS MILITARES #5890 OFICINA 703 SANTIAGO, LAS CONDES, CHILE | CORP ZTE DE CHILE S A PHONE: 56-9-74768534 EMAIL: MARIO.VIELMA@ZTE.COM.CN | TRADE | | | | $5,004,185.97 |
| 18 | ATC SITIOS DE CHILE SA AV. PEDRO DE VALDIVIA 555 OFICINA 1101 SANTIAGO, PROVIDENCIA, CHILE | ATC SITIOS DE CHILE SA EMAIL: MARLENE.DONOSO@AMERICANTOWER.COM | TRADE | | | | $4,827,124.58 |
| 19 | GTD TELEDUCTOS S.A. MONEDA 920 PISO 11 SANTIAGO, SANTIAGO, CHILE | GTD TELEDUCTOS S.A. PHONE: 56-2-24139129 EMAIL: MARCELA.SOTOMAYOR@GRUPOGTD.COM | TRADE | | | | $4,569,545.25 |
| 20 | NETFLIX INC. 100 WINCHESTER CIRCLE LOS GATOS CA 95032 UNITED STATES | NETFLIX INC. EMAIL: BILLINGS@NETFLIX.COM | TRADE | | | | $4,102,698.79 |

Debtor     **WOM S.A.,** *et al.,*

| | | | | | | |
|---|---|---|---|---|---|---|
| 21 | PROTEC-ING SpA<br>AVENIDA CLUB HÍPICO N° 4676, OFICINA 811 E, COMUNA DE PEDRO AGUIRRE CERDA, REGIÓN METROPOLITANA, CHILE | CARLOS TAMAYO LUNA /PABLO PAVELIC JOFRE<br>PHONE: 56-9-81898535 / +56-9-44188291<br>EMAIL: C.TAMAYO@PROTEC-ING.CL / P.PAVELIC@PROTEC-ING.CL | LITIGATION | C/D | | $3,903,171 |
| 22 | ANDEAN TELECOM PARTNERS CHILE SPA<br>ISIDORA GOYENECHEA 2939 PISO 11<br>SANTIAGO, LAS CONDES CHILE | ANDEAN TELECOM PARTNERS CHILE SPA<br>PHONE: 56-9-22210687<br>EMAIL:<br>FELIPE.VASCONCELO@ATPSITES.COM | TRADE | | | $3,895,072.22 |
| 23 | HOLDTECH S A<br>LIRA 278<br>SANTIAGO, SANTIAGO, CHILE | HOLDTECH S A<br>PHONE: 56-2-24297772<br>EMAIL: LUIS.MONTECINOS@HOLDTECH.CL | TRADE | | | $3,552,401.08 |
| 24 | FALABELLA RETAIL S.A.<br>ROSAS 1665 1022<br>SANTIAGO, CHILE | FALABELLA RETAIL S.A.<br>EMAIL: MGRELL@FALABELLA.CL | TRADE | | | $3,377,248.10 |
| 25 | BANCO BTG PACTUAL CHILE<br>AV. COSTANERA SUR 2730 PISO19 TORRE B SANTIAGO, LAS CONDES, CHILE | BANCO BTG PACTUAL CHILE<br>PHONE: 56-2-25875942<br>EMAIL: DANIELA.FICA@BTGPACTUAL.COM | BANK/TRADE | | | $3,315,062.48 |
| 26 | APPLE CHILE COMERCIAL LIMITADA<br>CERRO EL PLOMO 5630 TORRE 8 PISO 20, OFICINA 2001/2002<br>SANTIAGO, LAS CONDES, CHILE | APPLE CHILE COMERCIAL LIMITADA<br>PHONE: 56-9-6306-3687<br>EMAIL: CHILEAR@APPLE.COM | TRADE | | | $3,285,061.29 |
| 27 | FYNPAL SPA<br>SANTIAGO 1369, SANTIAGO, CHILE | FYNPAL SPA<br>PHONE: 56-9-5639-3052<br>EMAIL: IRODRIGUEZ@STCAPITAL.CL | FACTORING | | | $3,172,833.81 |
| 28 | TELEFONICA CHILE SA.<br>PROVIDENCIA  111, SANTIAGO, CHILE | TELEFONICA CHILE SA.<br>ATTN: FLIPE LEON<br>EMAIL: FELIPE.LEON@TELEFONICA.COM | TRADE | | | $3,020,131.21 |
| 29 | CLARO CHILE SpA<br>AV SALTO 5450 SANTIAGO<br>MATROPOLITANA, CHILE | CLARO CHILE SpA<br>ATTN: EVELYN SANTIBANEZ<br>EMAIL:<br>EVELYN.SANTIBANEZ@CLAROCHILE.CL | TRADE | | | $2,912,627.75 |
| 30 | MONEDA CUMPLO PRONTO PAGO PYMES FONDO DE INVERSION<br>APOQUINDO 5400,<br>SANTIAGO, LAS CONDES, CHILE | MONEDA CUMPLO PRONTO PAGO PYMES FONDO DE INVERSION<br>EMAIL: CRC@CUMPLO.COM | FACTORING | | | $2,771,948.35 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| WOM S.A., *et al.*[1] | ) Case No. 24-_____ (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY SECURITY HOLDERS**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliates, as debtors and debtors-in-possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), respectfully represent that the following are entities that directly or indirectly own 10% or more of the Debtor's sole class of equity interests:

1.      Equity interests (equivalent to 416,000,000 shares) in Telco Holdings Investments S.à r.l. are 100% held by The Telco Holdings Trust (Address: 2, rue de Jargonnant, 1207 Geneva, Switzerland).

2.      Equity interests (equivalent to 342,774,980 shares) in Chilli Equity SA are 93% held by Telco Holdings Investments S.à.r.l. (Address: 16, avenue de la Gare, L-1610 Luxembourg, Luxembourg).

---

[1]      The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), and each Debtor's federal tax identification number in their applicable jurisdiction of incorporation, are as follows: Kenbourne Invest S.A. (2018 2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the Debtors' service address in these Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

3.      Equity interests (equivalent to 295,500,000 shares) in Chilli JV S.à r.l. are 95.76% held by Chilli Equity SA (Address: 16, avenue de la Gare, L-1610 Luxembourg, Luxembourg).

4.      Equity interests (equivalent to 1,000,000 ordinary shares and 4 redeemable preference shares) in Chilli Investments Cyprus Limited are 100% held by Chilli JV S.à r.l. (Address: 16, avenue de la Gare, L-1610 Luxembourg, Luxembourg).

5.      Equity interests (equivalent to 43 shares) in NC Telecom AS are 100% held by Chilli Investments Cyprus Limited (Address: Nikokleus 1, Aglantzia, 2122 Nicosia, Cyprus).

6.      Equity interests (equivalent to 43 shares) in NC Telecom II AS are 100% held by NC Telecom AS (Address: Fridtjof Nansens plass 7, 0160 Oslo, Norway).

7.      Equity interests (equivalent to 964,620 shares) in Kenbourne Invest S.A. are 100% held by NC Telecom II AS (Address: Fridtjof Nansens plass 7, 0160 Oslo, Norway).

8.      Equity interests (equivalent to 210,469,238,899 shares) in WOM Mobile S.A. are held as follows: (a) approximately 99.9% (equivalent to 210,469,238,898 shares) by NC Telecom II AS (Address: Fridtjof Nansens plass 7, 0160 Oslo, Norway) and (b) approximately 0.01% (equivalent to 1 share) by NC Telecom AS (Address: Fridtjof Nansens plass 7, 0160 Oslo, Norway).

9.      Equity interests (equivalent to 935,550,088,583 shares) in WOM S.A. are held as follows: (a) approximately 99.9% (equivalent to 935,550,088,582 shares) by WOM Mobile S.A. (Address: General Mackenna No. 1369, Santiago, Chile) and (b) approximately 0.01% (equivalent to 1 share) by NC Telecom II AS (Address: Fridtjof Nansens plass 7, 0160 Oslo, Norway).

10.      Equity interests (equivalent to 1,000 shares) in Conect S.A. are held as follows: (a) approximately 99.9% (equivalent to 999 shares) by WOM Mobile S.A. (Address: General

Mackenna No. 1369, Santiago, Chile) and (b) approximately 0.01% (equivalent to 1 share) by NC Telecom II AS (Address: Fridtjof Nansens plass 7, 0160 Oslo, Norway).

11.     Equity interests (equivalent to 2,802,456 shares) in Multikom S.A. are held as follows:  (a) approximately 99.9% (equivalent to 2,802,455 shares) by WOM Mobile S.A. (Address: General Mackenna No. 1369, Santiago, Chile) and (b) approximately 0.01% (equivalent to 1 share) by NC Telecom II AS (Address: Fridtjof Nansens plass 7, 0160 Oslo, Norway).

**Fill in this information to identify the case and this filing:**

Debtor Name __Kenbourne Invest S.A.__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                  (State)

Case number (*If known*): ___24-_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Consolidated Corporate Ownership Statement and List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __04/01/2024__          ✖ __/s/ Anna-Kreeta Rantamaa__
            MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                         __Anna-Kreeta Rantamaa__
                                         Printed name

                                         __Authorized Signatory__
                                         Position or relationship to debtor